**In re Joni Adele Bush BARROWS, Debtor.**

**Joni Adele Bush BARROWS, Plaintiff,**

**v.**

**ILLINOIS STUDENT ASSISTANCE COMMISSION, Student Loan Marketing Association, United States Department of Health and Human Services, James F. Patton, in his official capacity as Director, Health Care Administrative Sanctions, Department of Health and Human Services, Defendants.[1]**

**Bankruptcy No. 92–11637.**
**Adv. No. 92–1157.**

United States Bankruptcy Court,
D. New Hampshire.

Aug. 9, 1993.

---

1. This adversary proceeding was originally initiated by a Motion to Dismiss Chapter 7 Petition, filed by the United States Trustee (UST) against debtor Joni Barrows, which

Geraldine B. Karonis, Asst. U.S. Trustee, Manchester, NH.

Terrie Harman, Harman Law Offices, Portsmouth, NH, for Joni Adele Bush Barrows.

David Josh Hershman, Chicago, IL, for Illinois Student Assistance Com'n.

Jeffrey S. Cahill, U.S. Dept. of Justice, Sp. Asst. U.S. Atty., Concord, NH, for U.S. Dept. of Health & Human Services, James F. Patton, Dir. Health Care Admin.

Victor W. Dahar, Chapter 7 Trustee, Manchester, NH.

### MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding came on for hearing before the Court on July 29, 1993 on a Motion to Dismiss, filed by defendant United States of America, Department of Health and Human Services (HHS), and plaintiff's Objection thereto. For the reasons recited into the record at the conclusion of the hearing, incorporated herein by reference and more fully detailed below, the Court rules that the five-year waiting

was deemed an adversary proceeding complaint. Defendant/debtor Joni Barrows then filed a Third–Party Complaint. The UST subsequently filed a Withdrawal of Motion to Dismiss, dated April 9, 1993 (Court Doc. No. 38), such that the third-party complaint is the only complaint pending in this adversary proceeding.

In addition, as a result of third-party plaintiff's Motion to Substitute Party (Court Doc. No. 11), Motion for Voluntary Non-suit and Dismissal (Court Doc. No. 38), and Motion for Default Judgment (Court Doc. No. 43), all of which were granted by this Court, the above-captioned third-party defendants are the only remaining third-party defendants from the original third-party complaint in this adversary proceeding.

period under the Public Health Service (PHS) Act, 42 U.S.C. § 294f(g), prior to its amendment effective June 10, 1993, is controlling in this matter, and accordingly denies defendant HHS' Motion to Dismiss.

HHS requests the Court to dismiss plaintiff's complaint for failure to state a cause of action upon which relief can be granted, averring that the complaint is time barred under the provisions of Title VII, Part C, Subpart 1 of the Public Health Service (PHS) Act, 42 U.S.C. § 294f(g), as amended effective June 10, 1993. Prior to its amendment, the PHS Act provided for a five-year waiting period before any borrower could seek to have its loan discharged in a bankruptcy proceeding. Effective June 10, 1993, the Act was amended to provide for a seven-year waiting period, which if applicable to this debtor would be an absolute bar to her complaint at this time.

The issue presented to the Court is whether the statute as amended applies to the student loans that are the subject of this adversary proceeding.

### Facts

In 1983, 1984, 1985, and 1986, debtor/plaintiff (plaintiff) obtained five loans under the Health Education Assistance Loan (HEAL) program for her dental school education. Plaintiff graduated from dental school in May of 1987. The loans were to be repaid beginning ten months after plaintiff ceased to be a full-time dental student, however plaintiff requested and was granted a total of four forbearance agreements, such that payments were not due until September of 1989.[2]

Thereafter, plaintiff failed to make timely payments on the loans, and a federal

action was instituted against her. Subsequently, on May 22, 1992, plaintiff filed this bankruptcy case, at which time the statute in question provided that a discharge of student loans could only be sought after five years following the loans in question. At the time of the bankruptcy filing, the five-year waiting period had not yet expired. The five-year waiting period expired in March of 1993, prior to this Court's hearing and ruling in April of 1993, discussed in footnote 2 above.[3]

### Law

This Court is bound by the First Circuit Court of Appeals's reading of United States Supreme Court precedents on questions of retroactivity of statutes. In the present case there has been no legislative history brought to the attention of the Court that expresses any congressional intent with regard to whether the statute, effective on June 10, 1993, should be also considered effective as to cases *pending* on June 10, 1993 or not. The statutory language also gives no explicit legislative intent in that regard.

■ Therefore I believe it is the duty of the Court to determine as a matter of law whether the statute should be construed to apply in the present case to a bankruptcy proceeding pending and a dischargeability proceeding pending prior to the enactment of the statute. The Court in fact has a trial scheduled on August 9, 1993 on the merits of the dischargeability issue.

The government argues that there is no retroactivity issue presented in this case but I cannot accept that position. It seems to me that the rights with regard to dis-

---

**2.** By Order dated April 21, 1993, this Court ruled that the forbearance agreements did not toll or otherwise extend the time period set forth in the Public Health Service Act, 42 U.S.C. § 294f. Specifically, the Court ruled that "[p]artial summary judgment is granted in favor of the debtor/third-party plaintiff to the extent that the Court rejects the government's argument that a forbearance agreement tolls or otherwise extends the plain lan-

guage of 42 U.S.C. § 294f(g)...." *Order*, p. 2, ¶ 6 (Bankr.D.N.H. April 21, 1993).

**3.** The Court deems irrelevant the fact that when the debtor originally filed her bankruptcy petition, the five-year waiting period had not yet expired, because the question presented would be exactly the same had she filed in March of 1993 after the five years had expired and before the new statute had been enacted.

charge are an important if not *the* important factor that any individual debtor would consider before deciding whether to file bankruptcy. Therefore in my judgment it is a retroactive application of the statute to apply it to a debtor in a pending case *after* the debtor has made the balancing judgment of the pros and cons, the benefits and the detriments, of electing to file a bankruptcy case.

■ For that same reason I find and conclude that it would be a manifest injustice to apply this statute to the present case and the present proceeding. There is no way this Court can undo the filing decision by the debtor and the effect that has on the debtor's situation and credit rating and any other aspects of a bankruptcy filing that may be detrimental to the debtor by now telling the debtor "sorry, but what you thought you would be entitled to when you filed this case no longer exists because Congress has changed the entitlement under bankruptcy for a discharge".

■ In my judgment such a ruling amounts to a "manifest injustice" that would permit the Court to find that the statute can not be applied retroactively in this instance under the applicable case law in this Circuit. *See Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (Court should apply law in effect at the time of its decision "unless doing so would result in manifest injustice . . ."); *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988) ("Congressional enactments should not be given retroactive effect unless their language requires it."); *F.D.I.C. v. Longley I Realty Trust*, 988 F.2d 270, 273, n. 5 (1st Cir.1993) (notwithstanding "muddled state of the law . . . we apply *Bradley* which is well-established precedent in this Circuit."); *McAndrews v. Fleet Bank of Massachusetts,*

*N.A.*, 989 F.2d 13, 15 (1st Cir.1993) ("[A] statute's application is usually deemed prospective when it implicates conduct occurring on or after the effective date."); *New England Power Co. v. United States*, 693 F.2d 239, 243 (1st Cir.1982) ("[T]he disappointment of private expectations that results from the implementation of a new rule must be balanced against public interest in the enforcement of that rule").

*Conclusion*

In accordance with the foregoing, and after hearing extensive oral argument and reviewing the well-prepared briefs by both parties on the issue presented, the Court hereby orders as follows:

1. The Court's findings of fact and rulings of law dictated into the record at the conclusion of the hearing are incorporated herein by reference.

2. The five-year waiting period set forth in the Public Health Service Act, 42 U.S.C. § 294f(g), prior to its amendment (effective June 10, 1993) is applicable to the student loans that are the subject of this adversary proceeding.

3. The Motion to Dismiss, filed by defendant United States of America, Department of Health and Human Services, is denied.[4]

DONE and ORDERED.

---

**4.** In accordance with ¶ 5 of this Court's Order dated April 21, 1993, Count III of plaintiff's

third-party complaint is stricken.